UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARCO GOMEZ, JR.,<br><br>　　　　Defendant. | CR. NO. 2:07-248-07 WBS<br><br>ORDER RE: MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Marco Gomez, Jr.'s Motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 of the United States Sentencing Guidelines. (Def.'s Mot. (Docket No. 1452).) The government opposes defendant's Motion. (Gov't Opp'n (Docket No. 1482).)

On April 4, 2011, defendant pled guilty without a plea agreement to one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine

1

and at least five grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846, and two counts of use of a communication facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b). (Change of Plea Hr'g Tr. (Docket No. 1130).) Defendant's Guidelines sentencing range, based on an offense level of 36 and a criminal history category of III, was 235 to 293 months in prison. (Mem. Order & Op. May 1, 2012 at 52 (Docket No. 1080.) On May 7, 2012, the court sentenced defendant to 300 months in prison, or 7 months above the high end of the Guidelines range, after finding that an upward departure was appropriate. (Docket No. 1124.) Defendant's appeal of his sentence was subsequently denied by the Ninth Circuit. United States v. Gomez, 546 F. App'x 652 (9th Cir. Dec. 20, 2013), cert. denied, 134 S. Ct. 1525 (2014).

Defendant now seeks to reduce his sentence to 242 months pursuant to section 3582(c)(2) and Amendment 782, or 7 months above the high end of the adjusted Guidelines range. (Def.'s Mot. at 1-2.) Section 3582(c)(2) allows a federal court to "modify a term of imprisonment" where "a defendant [was] sentenced . . . based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) involves "a two-step inquiry." Id. at 826. "A court must first determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Guidelines ("section 1B1.10"). Id. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors

and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

With respect to step one, the government concedes that Amendment 782 reduced defendant's Guidelines sentencing range to 188 to 235 months and that a sentence reduction would be consistent with section 1B1.10. (Gov't Opp'n at 3.)

With respect to step two, however, the government asks that the court exercise its discretion to deny defendant's Motion, noting that defendant: (1) participated in a drug conspiracy that trafficked in massive quantities of drugs and was specifically responsible for distributing at least 16 pounds of methamphetamine and at least 3.5 kilograms of cocaine, (2) functioned as a "regimental commander" for about two years with authority over about 15 regiment members, (3) and as found by the court at sentencing, was involved with other quantities of drugs as well. (Gov't Opp'n 3-5.)

Having gone back and reviewed all of the considerations taken into account in imposing the original sentence, notwithstanding the change in the guidelines, the court does not find that a reduction of defendant's sentence would be consistent with the other relevant sentencing factors which must be considered. Accordingly, the court agrees that a sentence reduction is not warranted under step two of Dillon. Accordingly, the court will deny defendant's Motion.

IT IS THEREFORE ORDERED that defendant's Motion for sentence reduction pursuant to § 3582(c)(2) (Docket No. 1452) be,

3

and the same hereby is, DENIED.

Dated: May 17, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE